FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 08, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EDWARD NICHOLAS BURSIEL,<br><br>    Plaintiff,<br><br>    v.<br><br>RICHARD HOLLOMON and CHANCI LOPEZ,<br><br>    Defendants. | NO. 2:19-CV-00361-SAB<br><br>**ORDER DENYING MOTION TO ALTER OR AMEND THE JUDGMENT** |

 Before the Court is Plaintiff's Motion to Alter or Amend the Judgment Pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e)"). ECF No. 13. Plaintiff, a prisoner currently housed at the Idaho Correctional Institution, is proceeding *pro se* and *in forma pauperis*. Defendants have not been served. On June 2, 2020, Plaintiff's action was dismissed and judgment of dismissal was entered. ECF Nos. 11, 12.

//

//

//

**ORDER DENYING MOTION TO ALTER OR AMEND THE JUDGMENT - - 1**

**RULE 59(e)**

"A Rule 59(e) motion may be granted if '(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.' " *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001)). This type of motion seeks "a substantive change of mind by the court," *Tripati v. Henman*, 845 F.2d 205, 206 n.1 (9th Cir. 1988) (quoting *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 527 (9th Cir. 1983)), and "is an extraordinary remedy which should be used sparingly." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999). Whether to grant a motion for reconsideration is within the sound discretion of the Court. *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Plaintiff contends in his Motion, as he did in his Motion to Add Information to Complaint, ECF No. 10 at 2, that he was never provided with adequate post-deprivation remedies for his property loss. ECF No. 13 at 6. Plaintiff argues that the Court did not discuss his assertion of lack of adequate post-deprivation remedies in its Order Dismissing Action. *Id*. at 4. However, in its Order Dismissing Action, the Court noted that "Plaintiff may seek redress in Washington state courts for his claim of lost property. Indeed, in his motion to add information to his First Amended Complaint, Plaintiff indicates that he has done so to no avail." ECF No. 11 at 4 (citing ECF No. 10). The Court also stated, "[r]egardless of the outcome of any state proceeding, the remedy is available to Plaintiff through that avenue." *Id*. In his Motion, Plaintiff also reiterates his claims from his First Amended Complaint that Defendants acted together to deprive Plaintiff of his business and personal property. ECF No. 13 at 4; ECF No. 8 at 7-9. Plaintiff contends that in his First Amended Complaint he cured the deficiencies originally identified by the

**ORDER DENYING MOTION TO ALTER OR AMEND THE JUDGMENT - - 2**

Court and he stated a constitutional claim upon which relief may be granted. ECF No. 13 at 7-8.

Plaintiff has failed to point to any newly discovered evidence or intervening change in controlling law. *See Ybarra,* 656 F.3d at 998. Moreover, while he disagrees with this Court's application of the facts as he pleaded them to well-established Supreme Court and Ninth Circuit precedent, his Motion offers no valid basis upon which the Court might find that its June 2, 2020 Order Dismissing Action was clearly erroneous or manifestly unjust. *Id.*

Accordingly, **IT IS HEREBY ORDERED:**

Plaintiff's Motion to Alter or Amend the Judgment Pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e)"), ECF No. 13, is **DENIED.** All motions that were pending on June 2, 2020 are **DENIED as moot**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide a copy to Petitioner. The file shall remain closed. The Court certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**DATED** this 8th day of July 2020.

*/s/ Stanley A. Bastian*
Stanley A. Bastian
United States District Judge

**ORDER DENYING MOTION TO ALTER OR AMEND THE JUDGMENT - - 3**